

**Signed and Filed: July 17, 2009**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 08-30154 TEC |
| RICHARD L. HATFIELD, | ) Chapter 7 |
| Debtor. | ) |
| JENNIFER M. MOORE, | ) Adv. Proc. No. 08-3140 TC |
| Plaintiff, | ) |
| vs. | ) |
| RICHARD L. HATFIELD, SAND HILL ROAD VENTURE GROUP, SAND HILL ROAD VENTURE ONE, I.P. ENTERPRISES, I.P. ENTERPRISES PENSION FUND, MELVIN R. SLAGER, DAVID J. MILLER, ARTHUR D. SMITH, ALLIANCE FINANCIAL CAPITAL, INC., a California corporation, ALLIANCE FINANCIAL CAPITAL HOLDINGS, INC., a California corporation, and ALLIANCE BUSINESS CAPITAL, INC., a Nevada corporation, | ) |
| Defendants. | ) |

**MEMORANDUM RE PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ENTERED MARCH 2, 2009**

On November 7, 2008, Plaintiff initiated the above-captioned adversary proceeding by filing a complaint. The complaint asserts state-law claims against non-debtor defendants. The complaint

-1-

asserts state-law claims and a federal nondischargeability claim against Debtor.

On March 2, 2009, the court entered an order (Order) granting, without prejudice, the motions to dismiss filed by Defendant Arthur D. Smith and the Slager Defendants.[1]  The Order provides that all claims against the non-debtor parties are dismissed in abstention. 28 U.S.C. § 1334(c)(1).

On June 19, 2009, Plaintiff filed a motion (Motion) for reconsideration of the Order.  For the following reasons, the Motion should be denied.

(1) The court properly dismissed the claims in abstention *sua sponte*.  <u>In re Tucson Estates, Inc.</u>, 912 F.2d 1162, 1166 (9th Cir. 1990).  Under <u>Tucson Estates</u>, the factors relevant to deciding whether to abstain are as follows.

*The effect or lack thereof on the efficient administration of the estate if the court recommends abstention*.  This factor weighs in favor of abstention.  Abstention regarding the claims against the non-debtor parties will have no effect on the efficient administration of the estate, because the outcome of those claims will have no effect on the estate.

*The extent to which state law issues predominate over bankruptcy issues*.  This factor weighs in favor of abstention.  All of the claims against the non-debtor parties arise under state law.

*The degree of relatedness or remoteness of the proceeding to the main bankruptcy case*.  This factor favors abstention.  The claims against the non-debtor parties are not "related to" the

---

[1] The Slager Defendants are Marvin R. Persky, Sand Hill Road Venture Group, Sand Hill Road Venture One, IP Enterprise, and IP Enterprises Pension Fund.

-2-

bankruptcy case within the meaning of section 1334(b), because they will not affect assets of or claims against the bankruptcy estate.

*The feasibility of severing state-law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court*. This factor favors abstention. The claims against Debtor, including the federal nondischargeability claim, can be tried separately from the claims against the non-debtor defendants.

*The existence of a right to jury trial*. This factor favors abstention regarding the claims against the non-debtor defendants. Those claims seek money damages. Accordingly, the non-debtor defendants have a right to trial by jury.

*The presence in the proceeding of nondebtor parties*. This factor favors abstention. Seven of the defendants (all defendants other than Debtor and the Alliance entities) are not debtors.

*The substance rather than the form of an asserted core proceeding*. This factor favors abstention. The claims against the non-debtor parties are clearly non-core.

*The difficulty or unsettled nature of the applicable law*. This factor is neutral. The state-law claims are for abuse of process and conversion. The court does not believe these areas of the law present unusual difficulties, or are unsettled.

*The jurisdictional basis, if any, other than 28 U.S.C. § 1334*. This factor is neutral. There may be supplemental jurisdiction over the claims under 28 U.S.C. § 1367, but the state-law claims against non-debtor parties may predominate over the federal claim against Debtor. It is unlikely that there is diversity jurisdiction because Plaintiff is a California citizen, and four of the Defendants (Debtor and the Alliance entities) are also

-3-

California citizens. Although Debtor may file an action solely against the non-California defendants, those defendants could move to join the California defendants as necessary and indispensable parties.

*The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.* This factor is neutral. There is no evidence of forum shopping.

*The presence of a related proceeding commenced in state court or other nonbankruptcy court.* This factor cuts against abstention. There is no pending state-law action.

The factors favoring abstention outnumber and outweigh the factors against abstention. Of particular importance is the inefficiency and cumbersome procedure involved in trying non-core claims, even if no jury trial is necessary. The cumbersomeness of that process increases the burden on the court, which is of significant importance because the court's docket has become very crowded in 2009 as a result of the economic downturn. The burden of resolving the non-core matters at issue is not justified by any advancement of the administration of the bankruptcy case.

(2) Abstention is not barred merely because there is no pending state-court proceeding. The present case is distinguishable from Lazar v. State of California, 237 F.3d 967, 981-82 (9th Cir. 2001) and Security Farms v. International Brotherhood of Teamsters, 124 F.3d 999, 1009-10 (9th Cir. 1997). Those cases held only that where a state-court proceeding had been removed to the bankruptcy court, the bankruptcy court's decision whether to keep that proceeding is governed by the statutes and rules governing remand of removed proceedings, rather than by the more general provisions governing abstention. The Ninth Circuit

expressly stated in Tucson Estates that the pendency of another proceeding is only a factor in determining whether to remand. In Eastport Estates v. City of Los Angeles, 935 F.2d 1071 (9th Cir. 1991), in which no state-court action was pending, the Ninth Circuit treated that fact merely as a consideration weighing against abstention, and not as a bar against abstention. Id. at 1078.

(3) Nor is abstention rendered inappropriate by Sigma Micro Corp. v. Healthcentral.com, 504 F.3d 775 (9th Cir. 2007). That case held only that the bankruptcy court should oversee all pre-trial motions before certifying a proceeding to the district court for jury trial. Healthcentral did not determine that such a procedure is the most efficient way to try a case, and therefore did not strike from the factors listed in Tucson Estates the existence of the right to jury trial as a consideration weighing in favor of abstention.

**\*\*END OF MEMORANDUM\*\***

Case: 08-03140    Doc# 33    Filed: 07/17/09    Entered: 07/20/09 13:00:57    Page 5 of 6

**Court Service List**

James H. Seymour, Esq.
Law Offices of James H. Seymour
706 Cowper Street
Palo Alto, CA 94301

Joel K. Belway, Esq.
Law Offices of Joel K. Belway
235 Montgomery Street, Suite 668
San Francisco, CA 94104